**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**v.**<br><br>**LUIS ALFONSO RAMIREZ**, *aka Poncho, aka Og Poncho*, **JACQUEZ LATRON FRANKS, RAMIRO VILLA CHAVEZ**, *aka Milton Suarez-Perez*, **MISAEL BENITEZ BUSTOS, ALEJANDRO RENTERIA BLANCO, BERGIN ZEYLAYA FLORES,** and **MONIQUE RENEE BURTON,**<br><br>**Defendants.** | : | **CASE NO:**<br>**7:26-cr-14–WLS-ALS** |

**ORDER**

Previously, the Court provided the Parties with notice that based on the Speedy Trial Act deadline, Defendants' case was scheduled for pretrial conference on August 13, 2026, at 3:00 p.m., and for trial during the Court's Valdosta Specially Set Trial Term beginning August 31, 2026 (Doc. 91). On July 30, 2026, the Government filed a Consent Motion for Continuance in the Interest of Justice (Doc. 94) ("Motion"). The continuance is needed because the Government recently made discovery available to the Defendants. The Government states the discovery material is voluminous and complex, consisting of countless reports, videos, photographs, phone extraction downloads, and other electronically stored information. The Government, with the consent of the Defendants, requests "the Court to continue this case *from* the upcoming pretrial conference and the Court's next regularly scheduled trial term" which would be November 2026 (Doc. 94 at 3 (emphasis added)). Due to the extensive nature of the discovery, the Court interprets this language as a request that the trial of this matter be continued from the August 31, 2026 trial date as well as from the November 2026 Trial Term to the Court's February 2027 Trial Term.

The Government further states that the ends of justice served by granting the continuance outweigh the best interests of the public and the Defendants in a speedy trial, and that the period of delay in continuing the trial be excluded under the Speedy Trial Act 18 U.S.C. § 3161.

Accordingly, based on the Government's reasons as stated above and as stated in its Motion and based on the Court's review of the entire record, the Court finds that a continuance is required for Defense Counsel to effectively prepare for trial. The Court further finds the ends of justice served by granting such continuance outweighs the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, the Motion (Doc. 94) is **GRANTED**.

The trial in the above-referenced matter is **CONTINUED** to the Court's Valdosta Division **February 2027** Trial Term and its **conclusion**, or as may otherwise be ordered by the Court.

Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, is **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance would (a) likely result in a miscarriage of justice, and (b) deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

It is further **ORDERED** that in the event any party intended that the trial of this matter be continued to the Court's November 2026 Trial Term, that on or before **Friday, August 14, 2026**, such party or parties shall file an appropriate motion with the Court to schedule the trial of this matter during the Court's November 2026 Valdosta Trial Term.

The August 13, 2026 pretrial conference is **CANCELLED**.

**SO ORDERED**, this 3rd day of August 2026.

**/s/W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**